## COURT OF APPEALS.

### John Kerr, administrator, &c., respondent, agt. John Mc-Guire, appellant.

Where, on the trial a fair question is presented to the court and jury or a referee upon conflicting evidence, whether the defendant is indebted in the amount claimed, by the plaintiff, or as admitted by himself in a certain sum less than the plaintiff's claim, and the court and jury or referee find the indebtedness to be the amount claimed by the plaintiff; the conclusion upon that question of fact is *not the subject of review in this court.*

A question put to a witness, "Do you know the general price of ale at the brewery in 1860 and 1861?" was objected to on the ground that it was too general—that it was not evidence of the market value of ale or beer alleged to have been purchased in April, May, June and July, 1861, *Held,* that the objection could not prevail, as it was not shown that the price varied during the two years; and the answer of the witness, to which no objection was taken, showed that it was the same for those years.

Another question was put to the witness, "Do you know the general market value of ale and beer during the years 1860 and 1861?" which was objected to on the ground that the price of ale and beer sold to the defendant cannot be proved by proving its general market value: *Held,* that the objection was frivolous. There was no proof of any express contract as to the price of ale sold to the defendant, and it was clearly competent to show the market value of the article.

Another question was put to a witness, who had been a *book-keeper* in a brewery over four years, to wit: "Do you know the general market price of ale and beer in the city of New York during the years 1860 and 1861?" which was objected to on the ground that the witness was a book-keeper—had never bought or sold

ale or beer, and never saw any bought or sold, and was therefore incompetent to testify to its value: *Held*, that the witness had acted as book-keeper in the breweries of the city for over four years and was necessarily acquainted with the market price of beer and ale, and was competent to testify to the general market price of those articles.

The defendant was sworn as a witness on his own behalf, and was asked to state whether or not he had paid for the goods mentioned in the plaintiff's bill of particulars. The plaintiff objected to the question as tending to inquire as to transactions had between the defendant and the deceased, concerning which he was incompetent to testify; the answer was allowed, reserving the right to the plaintiff to move to strike out the testimony if improper. The defendant answered that he had paid the whole bill except $20. On *cross-examination* the witness answered that he received the sixty hogsheads of stock ale set forth in the bill of particulars (the claim in suit for $600), and that he paid Harrison (deceased) himself personally for them in his own store, about a week after he received them. *Held*, that the granting of the plaintiff's motion to strike out all this testimony of the defendant was not error.

The general rules of practice requiring a *written notice* to produce papers, has reference to the preliminary preparations for trial. The reason of the rule does not apply to a notice given in the presence and hearing of the court while the trial is in progress from day to day.

Therefore, where at a previous hearing before the referee, the plaintiff had given the defendant verbal notice to produce certain bills and receipts, or that parol evidence of their contents would be given: *Held*, that such notice was sufficient.

THIS action is brought to recover a balance of account alleged to be due to the plaintiff's testator for a large quantity of goods and merchandise purchased prior to the third day of August, 1861. The plaintiff's bill of particulars shows the claim to be for a balance of an entire account extending through a period of four months, viz.: April, May, June and July, 1861. The defendant claims to have paid the whole amount mentioned in the bill of particulars, except $20.

The case was referred to B. O'Connor, as referee, to hear and determine the case. The questions to be reviewed arise on exceptions taken on the trial.

IRA D. WARREN, *for appellant.*

I. The question put to the witness Martin, " Do you know the general price of ale at the brewery in 1860 and 1861 ?" was improper.

There was no evidence of the sale and delivery of any ale to the defendant. The "general price of ale at that brewery in 1860 and 1861," is not evidence of the market value of ale or beer alleged to have been purchased in April, May, June and July, 1861. It might have been much higher during other periods of the two years (*Dana* agt. *Fielder*, 2 *Kern*. 40). This applies to the next question at fol. 28, and also to the question at fol. 31. The price of ale and beer at Harrison's brewery, is not evidence of the market value of ale and beer in the city of New York, and was improperly admitted. It is certainly improper to inquire the market price at a particular store or brewery.

II. The question put to the witness Boardman, "Do you know the general market price of ale and beer in the city of New York during the years 1860 and 1861?" was improper. It should have been confined to the months of April, May, June and July, 1861, when the beer was bought.

The next question at fol. 35, was also improper. The witness was a book-keeper. He never bought or sold ale or beer, and never saw any bought or sold, and he was incompetent to testify to its value. The question put to the witness Kerr, at fol. 37, was improper, for the reason before stated. The beer was purchased in April, May, June and July, 1861. The question is, what was its value in 1860 and 1861, including a period of two years. (*Dana* agt. *Fiedler*, 1 *E. D. Smith*, 462 ; *Id.* 2 *Kern*. 40 ; *Lamoure* agt. *Caryl*, 4 *Denio*, 370.)

III. The plaintiff, on cross-examination of the defendant, at fol. 44, proved the delivery to the defendant by the plaintiff's testator of sixty hogsheads of stock ale, and then proved by the defendant that he paid the plaintiff's testator for those sixty hogsheads. The plaintiff then moved, at fol. 45, to strike out this testimony, which the referee did. In this we say the referee erred. The plaintiff called out new matter to charge the defendant with sixty hogsheads of stock ale. He had a right to discharge him-

self by proving payment, the plaintiff having called it out in answer to a direct question. The plaintiff went on and further cross-examined this witness, and then moved at fol. 48, to strike it out, which the referee did. In this the referee also erred. "A party's declarations in his own favor, though generally inadmissible, are evidence in his favor when called out by his opponent." This rule should be strictly applied in a case like this, where the defendant cannot be a witness in his own behalf unless the plaintiff chooses to call him. (*Cowen & Hill's Notes to Phillip's Evidence, latter part of note* 117, *and cases cited* ; 1 *Starkie on Evidence*, 144, 145, § 27.)

The only right the plaintiff reserved to strike out the defendant's testimony was to the question at fol. 40. The remainder of the examination was voluntary, and he had no right to strike it out.

IV. At fol. 64, the plaintiff, under the defendant's objection, was allowed to prove the contents of a bill alleged to have been left with the defendant. No written notice to produce the bill was ever given. Where a notice is required, it must be a written notice in all cases (*Code*, § 408). Had the notice given verbally been in writing, it would not have been sufficient. It calls for all bills and receipts, without specifying any. (*Grimm* agt. *Hamel*, 2 *Hil.* 434 ; *Millard* agt. *Germer*, 1 *Sand.* 50.)

V. The finding of the referee was against the weight of evidence. The witness Magher, swears that he saw the defendant pay Harrison $580 for stock ale. Terrence Clark swears that he was present and saw it. The defendant swears that he owed the plaintiff, as such executor, only $20 at the time this suit was commenced. Here are three witnesses, entirely unimpeached, who prove that $580 was paid for this stock ale, which payment does not appear in the bill of particulars (25 *N. Y.* 363). The plaintiff, on the other hand undertakes to prove the defendant's admissions that he owed $600, by Thomas Wallace and George

Kinnier. Kinnier swears that the defendant said he "owed them some $600." At fols. 74 and 75, he attempts three times to tell what the defendant said, and does not tell it twice alike. Such testimony, which is all that the plaintiff has, as against positive proof, is entitled to no credit. In the language of Mr. Justice HARRIS, " it is so easy, too, by the slightest mistake or failure of recollection, totally to pervert the meaning of the party, and to change the effect of his declarations, that all experience in the administration of justice has proved it to be the most dangerous kind of evidence " (*Garrison* agt. *Akin,* 2 *Barb.* 28). The defendant swears he told these witnesses he " formerly " owed Harrison $600 (*Thompson* agt. *Monk,* 22 *How.* 431).

VI. This judgment should be reversed.

H. W. ROBINSON, *for respondent.*

I. The complaint alleged the sale and delivery by the testator to the defendant of divers large quantities of goods and merchandize, consisting of ale and beer, and stock ale, and that the defendant remained indebted therefor, and for a balance of account in the sum of six hundred dollars, and had promised to pay the same. The answer admits the sale and delivery of the goods referred to, and alleges for defence to the cause of action set out in the complaint, that he had *paid* the testator for all the ale, beer, and stock ale he had ever purchased, except a small balance of about twenty dollars, and denies that he was indebted to the plaintiff "for balance of account in the sum of six hundred dollars, or that he ever promised to pay the same."

The other allegations in the answer, that the price of the goods set out in the bill of particulars was more than he agreed to pay the testator, and his denial of the charges as therein stated are not addressed to any allegations in the complaint, and are of no avail. (*Kreiss* agt. *Seligman,* 8 *Barb.,* 440 ; *Dibble* agt. *Kempshall,* 2 *Hill,* 124.)

The answer was evasive, and the mere denial of indebtedness " in the sum of six hundred dollars," except for the defence of *payment*, constituted no denial, but that the balance of account was at least $599.99.    No issue is made by the pleading except the defence of payment.

The issues and judgment are entirely to be regulated by the matters *alleged* and *proved.*    (*Field* agt. *The Mayor,* &*c.,* 2 *Seld.,* 124 ; *Texier* agt. *Gonin,* 5 *Duer,* 392,)

II. As to the defence of payment, the proof before the referee abundantly showed the incebtedness of the defendant in the amount claimed, by his repeated promises to pay.

Testimony of John Boyd, fol. 33.
   do      do Thomas Wallace, fols. 64 to 69.
   do      do Georgr Kinnier, fols. 72 to 76.

And the entire question presented to the referee being one of fact, his conclusion upon conflicting evidence is not the subject of review in this court.

III. But if in any view, the affirmative rested with the respondent, to establish the account to the extent claimed, the exceptions taken by the appellant were frivolous.

As to the exception at folio 27, the question whether or not the witness Martin, " knew the price of ale at the brewery in 1860 and 1861 ?" was merely preliminary to other proof, and his knowledge or want of knowledge on the subject might have been immaterial, unless the appellant could also be charged with acts or knowledge in relation to the subject inquired of.    The question was not objected to on that ground, and *no objection* was made to the subsequent statement by the witness of the principal fact, or that it was too general as to time.

As to the exceptions at fols. 32 and 38, the same answer will apply.

As to the exceptions at folios 45 and 48, it appears that the witness testified on his own behalf at folio 40, to having paid for the goods; the objection was then taken by

respondent's counsel, that he was incompetent to testify as to transactions had personally between himself and the testator; the referee allowed the answer, but reserved to respondent's counsel the right to move to strike out such testimony when it should appear that it was a " transaction *personally* between the deceased person (testator), and the witness" (*Code*, § 399). When this fact was elicited on cross-examination, the inadmissibility of the testimony given on direct-examination became apparent, and was properly stricken out.

As to the exception at fol. 65, to secondary evidence of the contents of a bill rendered the appellant, notice had been verbally given on a previous meeting before the referee to produce all bills rendered relating to the ale in controversy.

The general rule of practice, requiring a written notice to produce papers, has reference to the preliminary preparations for trial. The reason for the rule does not apply to a notice given in the presence and hearing of the court, while the trial is in progress from day to day, and the materiality and pertinency of the document is apparent, and each party is at least presumed to have present all papers bearing on the case. The notice referred to in section 408 of the Code, has only reference to notices required by its provisions.

No objection was made that the notice was not sufficiently specific. The practice of giving such notices, universally prevails at the circuit.

IV. The judgment should be affirmed with costs, and damages for the delay.

WRIGHT, J. The answer of the defendant admitted the purchase from the plaintiff's testator of the ale, beer and stock ale mentioned in the complaint, and in the bill of particulars furnished by the plaintiff, but alleges that he had paid the deceased in his life time for all the same,

except a balance of about twenty dollars.   No issue was raised by the pleadings except the single one of payment. The allegation in the answer that the price of the goods set out in the bill of particulars, was more than the defendant agreed to pay the testator, and his denial of the charges as therein stated, are not addressed to any allegations in the complaint, and are of no avail.   Upon the question of payment there was a preponderance of proof against the defendant.   At least it was a fair question presented to the referee upon conflicting evidence, whether the defendant was indebted in the amount claimed of $600, or as admitted by himself, in the sum of twenty dollars.   The referee found the indebtedness to be $600, and his conclusion upon that question of fact is not the subject of review in this court.   Various objections were interposed on the trial to questions propounded to the plaintiff's witnesses, which will be briefly noticed.   One Martin, a brewer, who was in the employ of the deceased at the time of his death, and had been for six or seven years prior thereto ; who made sales and collections for deceased, who knew of the defendant's purchasing ale and who was acquainted with the prices of Harrison's ale in 1860 and 1861, was asked the question, " Did you know the general price of ale at the brewery in 1860 and 1861?" The question was objected to, as being too general and as incompetent and improper.   No objection was made to the subsequent statement of the witness as to the principal fact or that it was too general as to time.   The exception was not available   The question was proper enough in itself.   The ground of the objection was that it was too general, meaning that the inquiry as to time extended over too great a period of time ; but it was not shown or even suggested, that the price varied during the time, two years ; and this answer to which no objection was taken showed that it was the same for 1860 and 1861.   It is now claimed that there was no evidence of sale and delivery of any ale

to the defendant, but this ground was not urged on the trial. It would indeed have availed nothing if it had been. It was substantially admitted by the pleadings, that Harrison in his life time and before the 3d day of August 1861, sold and delivered to the defendant divers large quantities of ale, and beer and stock ale. A further question was put to the same witness, viz: "Did you know the general market value of ale and beer during those periods?" The ground of objection to this question was that the price of ale sold to the defendant cannot be proved by proving its general market value. The objection was frivolous. It would have been equally so, had it been made to the answer elicited. There was no proof of any express contract as to the price of the ale sold to the defendant, and it was clearly competent to show the market value of the articles. The same answers will apply to a similar question put to the plaintiff Kerr. A witness named Boyd, who was a brewer, and who was in the employ of Harrison in May 1861, made sales, and having the general superintendence of the business was asked, "Did you know the general price of ale and beer at Wm. Harrison's brewery during May 1861, while you were there?" The objection here was that the price of ale sold to the defendant cannot be proved by proving the general price at that brewery. The answer was not objected to. The question was not improper for the reason assigned. It was merely preliminary to other points, and the witness's knowledge or want of knowledge on this subject might have been immaterial unless the defendant could also be charged with act or knowledge in relation to the subject inquired of. The question was not objected to on this ground, and no objection was made to the answer of the witness. A witness named Boardman, testified that he had been a book-keeper in a brewery over four years, a part of the time in Harrison's brewery, and knew of the defendant's purchasing ale of Harrison. He was asked, "Do you know the general market price of ale

and beer in the city of New York during the years 1860 and 1861 ?" The question was objected to by the defendant on the ground that the witness was not competent to testify to the market value. Here again the exception was pointed to the question whether the witness had knowledge of the general market price. He had acted as a bookkeeper in the breweries of the city for over four years, and was necessarily acquainted with the market price of beer and ale.

The defendant was sworn as a witness on his own behalf. The bill of particulars furnished by the plaintiff was placed in his hands, he was asked to state whether or not he had paid for the goods therein mentioned. In the bill there was a charge under the dates of 18th and 20th May, 1861, of sixty hogsheads of stock ale at $10 per hogshead, amounting to $600. The plaintiff's counsel objected to the question as tending to inquire of the witness, who is party defendant, as to transactions had between himself and the deceased, concerning which the witness was incompetent to testify.

The referee decided to hear the answer, reserving the right to the plaintiff to move to strike out the testimony if improper. The defendant answered that he had paid the whole of the bill except twenty dollars. On cross-examination the witness answered that he received the sixty hogsheads of stock ale, set forth in the bill of particulars, and that he paid Harrison himself personally for them in his own store, about a week after he received them. The motion was then made to strike out all the testimony of the witness relating to transactions he had personally with the deceased, which was granted. This was not error.

The Code provides that a party to an action may be examined as a witness on his own behalf, except as against parties who are representatives of a deceased person, in respect to any transactions had personally between the

deceased person and the witness (*Code*, §395.) The witness was inquired of whether he had paid for the goods mentioned in the bill of particulars. There was nothing in the question indicating a transaction had personally between the defendant and the deceased, and the testimony was allowed to be taken, reserving to the plaintiff the right to move to strike it out if not approved. The answer of the witness, that he had paid for all the goods, except twenty dollars, showed no transaction had between the witness and the testator. But, when the cross-examination elicited the fact that the witness, on his direct examination, as to payments, had been speaking of transactions had by himself personally with the deceased, the inadmissibility of the testimony given on the direct examination becomes apparent and was properly stricken out. The defendant's counsel does not claim that the testimony of the defendant, in respect to a transaction personally between Harrison and the witness, is admissible, but insists that the plaintiff, on cross-examination, called out new matter to charge the defendant with sixty hogsheads of stock ale, and that he had the right to discharge himself by proving payment, the plaintiff having called it out in answer to a direct question. But the plaintiff called out no new matter. The sixty hogsheads of stock ale formed part of the goods which, on direct examination, the witness testified that he had paid for; so that his attention was properly called to that item on cross-examination; and it then appears that the payments he had mentioned were transactions had personally by himself with the deceased, the motion to strike out was properly made and granted. Indeed, if it had been improperly granted, it would not necessarily have followed that there should be a new trial. It fully appears from the case that the only item in the controversy was the sixty hogsheads of stock ale, valued at $600. It was conceded that the ale had been received by the defendant, he claiming that $580

had been paid thereon, whilst the administrator claimed the whole amount to be due. The defendant was allowed to testify that he owed the estate of Harrison twenty dollars for stock ale, and no more, and generally that all he owed the estate was twenty dollars. So that the defendant had the full benefit of the testimony stricken out on motion in the early stage of the trial.

A witness testified that he was in Harrison's employ at the time of his death, and was also employed by the executor after his death. That he presented a bill to the defendant after Harrison's death, and left it with him. The plaintiff's counsel called for the production of the bill, and the defendant stated that he had not the bill present. The witness was then asked, "For what and for what amount was that debt?"

This was objected to by the defendant, on the ground that he had no notice to produce the bill, and that the contents cannot be proved by parol. The counsel for the plaintiff showed that at a previous meeting before the referee, on the reference he had given the defendant verbal notice to produce all bills rendered and receipts given to the defendant, relating to the ale in controversy, or that parol evidence of their contents would be given; the objection was overruled and the defendant excepted.

This ruling is now claimed to be erroneous, on the grounds: 1st. That the notice was verbal, a written notice being required by the Code in all cases. 2d. That the notice given was not sufficiently specific. On neither ground is the exception available. The notice referred to in § 408 of the Code has only reference to notices required by its provisions; and no objection was made on the trial that the notice given was not sufficiently specific.

The general rule of practice requiring a written notice to produce papers has reference to the preliminary preparations for trial. The reason of the rule does not apply to a notice given in the presence and hearing of the court

while the trial is in progress, from day to day, and the materiality and pertinency of the document is apparent, and each party is at least presumed to have present all papers bearing on the case.

I am of opinion that no legal error was committed by the referee to the prejudice of the defendant, and the judgment should be affirmed.